■ FLUOR CASCADE, INC., et al., Respondents, v CASE HEAVY HAULING, INC., et al., Respondents, and NIAGARA TRANSFORMER CORP., Appellant, et al., Defendants.—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Defendant Niagara Transformer Corp. contends that the trial court erred in admitting evidence of a conversation between Larry Triana and Mary Jane Gangloff, which was introduced by codefendant Case Heavy Hauling, Inc. Triana was under contract with Case to transport plaintiff's transformer from Niagara's property to plaintiff's premises. The transformer was damaged during the course of its transportation by Triana. In its case-in-chief, Case introduced into evidence the transcript of a telephone conversation wherein Triana described how the accident occurred and the conduct of Niagara's employees in loading the transformer onto his truck. His statements support Case's contentions that Triana was not negligent in transporting the transformer, that defendant Niagara assumed the responsibility for the loading of the transformer, and that Niagara negligently loaded it. That testimony was inadmissible hearsay. Since

Triana was not a party to the action, his testimony cannot constitute an admission against his interest. Additionally, that evidence does not constitute an admission against his employer, Case. It was not plaintiff which placed those statements into evidence in support of its cause of action against Case but, rather, Case which seeks to use its own agent's statements in its favor. Thus, the statements are consistent with, rather than adverse to, Case's posture at trial. The statements, therefore, do not fall within the admissions exception to the hearsay rule because "[a]n admission is an act or declaration of a party, or of his representative or predecessor in interest, which constitutes evidence against the party at trial." (Richardson, Evidence § 209 [Prince 10th ed].) It was therefore error for the trial court to admit Triana's hearsay statements. Consequently, a new trial must be granted.

Additionally, the trial court erred in ruling as a matter of law that Niagara assumed the responsibility for loading the transformer and that Case was not negligent in transporting the transformer. That instruction, in effect, directed a verdict against Niagara and in favor of Case. Since there was conflicting evidence with respect to the roles played by Niagara's employees and Triana in loading the transformer, that issue should have been presented to the jury for its determination.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Joslin, J.—negligence.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.